**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION
CASE NO. 1:10 CR 00389
(JUDGE SARA LIOI)**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **Plaintiff** | : | **MOTION FOR A BILL OF PARTICULARS** |
| vs. | : | |
| **HAMDI "SAM" QASEM** | : | |
| **Defendant** | : | |
| * | * | * |

Now comes defendant, Hamdi (Sam) Qasem, pursuant to the Sixth Amendment to the United States Constitution and Rule 7(f) of the Federal Rules of Criminal Procedure and moves that the government be required to furnish the bill of particulars. A bill of particulars will enable the defendant **"to be informed of the nature and cause of the accusation ..."** As guaranteed by the Sixth Amendment to the United States Constitution.

Defendant is charged in count one of the indictment with a racketeering conspiracy in violation of 18 U.S.C. §1962(d) of the United States Code.

Defendant requests information as to the exact dates that he committed the various offenses alleged in Count 1 of the Second Superseding Indictment.

Paragraph 24 of the Second Superseding Indictment only alleges that **"Beginning in or around 1998 and continuing to in or around December 2008, ..."** defendant and a co-defendant and others known and unknown to the grand jury did knowingly and intentionally conspire with each other and others known and unknown to the Grand Jury to violate 18 U.S.C. §1962(c) of the United States Code. Defendant requests information as to each date during that ten (10) year period that defendant committed an unlawful act.

Defendant also requests information as to identities of the others who are at least known to the grand jury.

Defendant requests information as to the **"things of value" and the identity of the unnamed "others" who were provided these 'things of value' to Dimora, Russo and other public officials"** as alleged in paragraph 27 of the second superseding indictment.

Defendant requests information as to the dates and times alleged in paragraph 31 that he served as an **"intermediary"**. Defendant also requests information as to the identity of other conspirators and the **"various acts in furtherance of the conspiracy"** which are claimed to be alleged in counts Two through Four of the Second Superseding Indictment.

Since defendant is not charged in counts two through four and in order to prepare a proper defense, defendant requests this information.

This information is important because there is an issue of the statute of limitations. If the acts alleged have been committed by defendant are outside the statute of limitations then defendant would be entitled to a dismissal of the indictment.

The Supreme Court has noted that in a different context that if defendants wanted information as to a person who had administered an oath **"they could have obtained it by requesting a bill of particulars. . .."** <u>United States v. Debrow</u>, 346 U.S. 374, 378 (1953). While the indictment on its face may be sufficient to charge an offense, where a defendant is in doubt as to the particular acts that constitute the offense based on the

general language in the indictment a bill of particulars is appropriate. *Thomas v. United States*, 188 F.2d 6, (8th Cir.1951).

In addition to furnishing specific information needed for the defense this will also serve the purpose to prevent defendant from being later charged with the same offense. Not knowing the specific acts or persons involved, defendant could be prosecuted in the future with other crimes and would be unable to determine whether these crimes were barred by the Fifth Amendment Double Jeopardy Clause guarantee.

Therefore, a bill of particulars is necessary in order to apprise defendant of the nature and cause of the accusation, a right guaranteed and vouch safed by the Sixth Amendment to the United States Constitution.

Such specificity would vindicate the general rule that allegations and proof must correspond. This is based on the obvious requirements (1) that the accused be definitely informed as to the charges against him, **"so that he may be enabled to present his defense and not be taken by surprise by the evidence offered at the trial; and (2) that he may be protected against another prosecution for the same offense."** *Berger v. United States*, 295 U.S. 78, 82 (1935).

*s/paul mancino, jr.*
PAUL MANCINO, JR. (0015576)
Attorney for Defendant
75 Public Square, #1016
Cleveland, Ohio 44113-2098
(216) 621-1742
(216) 621-8465 (Fax)
e-mail:pmj05@sbcglobal.net

**SERVICE**
The foregoing ***Motion for a Bill of Particulars*** has been electronically filed with the court. Notice of this filing will be sent to all parties by operation of the court's electronic filing system .

*s/paul mancino, jr*
PAUL MANCINO, JR. (0015576)
Attorney for Defendant
e-mail: pmj05@sbcglobal.net

HamdiQasem.FedDiscovery12